# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JAMES ADAM KEEN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13CV00070 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN, ACTING** | ) | By: James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Christy Whitfield, Assistant Regional Counsel, and Stephen M. Ball, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff, James Adam Keen, filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits ("DIB") Titles II of the Social Security Act ("Act"), 42 U.S.C.A. § 401-434 (West 2011 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. § 405(g).

Keen filed an application for DIB on December 24, 2009, claiming disability since November 30, 2009. After preliminary denials of his claim, he obtained a hearing before an administrative law judge ("ALJ") on March 2, 2012, at which Keen was represented by counsel and during which Keen testified along with a vocational expert, Annmarie E. Cash. On May 4, 2012, the ALJ issued a written decision finding that Keen was not disabled within the meaning of the Act. Keen requested review by the Social Security Administration's Appeals Council. The Appeals Council denied the request for review on July 13, 2013, thereby making the ALJ's decision the final decision of the Commissioner. Keen then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed. Oral argument was held on May 14, 2014. The case is ripe for decision.

## II

At the time of the ALJ's decision, Keen was 37 years old.[1] He has a high school education and has previous work experience as a correctional officer, truck driver, forklift operator, and dispatcher. In his written decision, the ALJ found that he had the following severe impairments: "degenerative disc disease of the lumbar

---

[1] Age is a factor considered by the Social Security Administration in determining whether the clamant can adjust to other work. 20 C.F.R. § 404.1563(b) (2013).

and thoracic spine status post diskectomy and fusion." (R. at 16.) The ALJ reviewed Keen's medical history and the evidence presented at the hearing and set forth the reasons for his factual findings. He found that Keen did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and that he had the residual functional capacity to perform the light excertional work as required by his past relevant work as a dispatcher. Alternatively, the ALJ found, based upon the testimony of the vocational expert, that Keen was capable of performing jobs existing in significant numbers in the national economy.

It is contended in the present case that the ALJ erroneously resolved the evidence in finding Keen not disabled. In particular, it is argued that the ALJ erred (1) in finding that Keen's mental impairments of depression and anxiety were non-severe; (2) in using Keen's documented activities of daily living as basis for finding that he was not disabled; and (3) in failing to "analyze the cumulative effects of all of Keen's medical problems." (Pl.'s Brief 9-10.)

III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his. "physical or mental

impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record evidence and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standards.

IV

The plaintiff's contentions will be discussed in order.

MENTAL IMPAIRMENTS.

Keen has a history of treatment for back pain, and underwent back surgery in 2005. Beginning in 2011, he received counseling for depression and anxiety. Patricia Owens, a licensed professional counselor, provided a written assessment dated December 19, 2011, in which she opined that Keen had poor or no abilities to adjust to work based on his mental impairments. (R. at 748-50.) The ALJ did not accept this opinion, finding that it was contradicted by Keen's reported activities of daily living and Ms. Owens' own treatment notes. In addition, he

found that the opinion was inconsistent with the treatment notes of other treatment sources as well as state agency consultants Hillel Raclaw, M.D., and Richard Milan, Jr., M.D., who reviewed Keen's medical records in December of 2010.

In summary, the ALJ determined that Keen's mental impairments "do not cause more than minimal limitation in [his] ability to perform basic mental work activities and are therefore non-severe." (R. at 16.)

I find that the ALJ's determination of this issue was supported by substantial evidence. The ALJ correctly reviewed the relevant medical evidence in his decision and set forth the reasons for his factual determinations. Under these circumstances, I am not permitted to second-guess those determinations.

### ACTIVITIES OF DAILY LIVING.

It is argued on Keen's behalf that the ALJ erred in relying on Keen's daily activities with his home and family in determining his residual functional ability. Keen and his wife, who works outside of the home during the day, have two young daughters, who were age 19 months and three and half years at the time of the hearing before the ALJ. (R. at 33.) He cares for these children while his wife works, although he testified during the hearing that his mother and his wife's mother and father assist him "probably forty percent of the time." (R. at 34.) He also indicated that he shops for groceries, drives a car, and cooks simple meals. (R. at 223-24.)

While there clearly may be a difference between performing daily personal activities and regular work duties, a Social Security claimant's routine non-work activities of life may support a finding that a residual functional capacity to work exists. *See Yost v. Barnhart*, 79 F. App'x 553, 555 (4th Cir. 2003) (unpublished). The ALJ's reliance on Keen's admitted ability to care for two very young children, even if these duties were performed alone only sixty percent of the time, was not erroneous. These facts were clearly relevant to his mental and excertional ability to perform light work, as found by the ALJ. Moreover, the ALJ's reliance on these activities was only one minor aspect of the stated reasons for his determination of Keen's residual functional capacity.

CUMULATIVE IMPAIRMENTS.

Keen contends that because he claimed disability based upon a combination of impairments, the ALJ erred by failing to analyze the combined effect of these impairments.

I find this argument to be without merit. The ALJ expressly recognized in his decision his obligation to consider the plaintiff's impairments singularly and in combination as required by 20 C.F.R. § 404.1523 (2013). (R. at 15, 18.) The decision encompassed all of Keen's documented impairments, both physical and mental and determined that either together or alone, these impairments did not cause Keen to be disabled within the meaning of the Act.

## V

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER: May 21, 2014

/s/ James P. Jones
United States District Judge